NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MUDIAGA OBIJURU URIE, AKA Troy
Urie, AKA Troy Mudiaga Urie, AKA
Mydiaga Urig,

　　　　　Petitioner,

　v.

WILLIAM P. BARR, Attorney General,

　　　　　Respondent.

No.　17-70001

Agency No. A098-409-078

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2020
Seattle, Washington

Before:　FERNANDEZ and NGUYEN, Circuit Judges, and BOULWARE,**
District Judge.

　　Mudiaga Urie, a native and citizen of Nigeria, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen based

---

　　*　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　The Honorable Richard F. Boulware II, United States District Judge
for the District of Nevada, sitting by designation.

on changed country conditions. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

The BIA abused its discretion in denying Urie's motion to reopen. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252 (9th Cir. 2014) (noting that this court reviews the denial of a motion to reopen for abuse of discretion). We agree with Urie that the passage of the Same Sex Marriage Prohibition Act in 2014 constitutes a material change in country conditions for LGBTI individuals because it criminalizes a much broader range of conduct than Nigeria's preexisting law criminalizing same-sex sexual activity. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (the time and numerical limitations on motions to reopen do not apply to motions "based on changed circumstances arising in the country of nationality . . . , if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"). The BIA abused its discretion in concluding otherwise. We therefore grant the petition for review, and we remand to the BIA with instructions to consider whether Urie has established prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. *See Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017).

**PETITION FOR REVIEW GRANTED; REMANDED WITH INSTRUCTIONS.**